IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00095-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| XAVER MONTEZ BOSTON | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's Motion to Set Aside the Verdict and to Dismiss due to Duplicity of Count One, (Doc. No. 92), and the government's response, (Doc. No. 95).

A jury convicted the defendant of, among other things, trafficking a minor between the age of fourteen and eighteen for a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2), on October 11, 2018. (Doc. No. 68: Verdict at 1 (Count One)). On February 16, 2020, the defendant filed the instant motion claiming the indictment impermissibly alleged a second offense in the same count of trafficking a person by means of force, in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). (Doc. No. 92 at 1). Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure requires that such a claim be raised prior to trial. The defendant asserts his motion is not untimely, or there is good cause to excuse his untimeliness, because the lawyer who filed the motion was not appointed until after trial. (Doc. No. 92 at 1). The appointment of new counsel does not reset the deadline in Rule 12 nor does it establish good cause to waive it. United States v. Santana-Dones, 920 F.3d 70, 81 (1st Cir. 2019) ("allowing new counsel to reopen an expired deadline in order to pursue strategic options forgone by prior counsel would put a premium on changing

counsel and unfairly advantage the defendant"), cert. denied, 140 S. Ct. 257 (2019). Therefore, the motion will be dismissed as untimely.

Even if the Court were to consider the merits of the defendant's duplicity claim, it would be denied. Section 1591(b) does not create new crimes, but rather "specifies the penalties for each of the crimes set out in (a)." United States v. Todd, 627 F.3d 329, 334 (9th Cir. 2010). Here, Count One alleged a single § 1591(a)(1) offense with two possible penalties: fifteen years to life under (b)(1) for knowing, or recklessly disregarding the fact, that means of force would be used to cause the person to engage in a commercial sex act and ten years to life under (b)(2) for knowing, or recklessly disregarding the fact, that a minor would be caused to engage in a commercial sex act. (Doc. No. 1: Indictment at 3). Consistent with Alleyne v. United States, 570 U.S. 99, 103 (2013), the jury was asked to determine whether the government had proved beyond a reasonable doubt the facts necessary to trigger one mandatory-minimum-sentence provision or the other, or both. (Doc. No. 88: Trial Tr. at 507). The jury's verdict clearly shows it found the facts necessary to trigger the (b)(2) penalty based on the victim's age, but not the (b)(1) penalty based on the use of force. (Doc. No. 68: Verdict at 1). Therefore, the defendant's duplicity claim is without merit.

The defendant is also not entitled to a new trial under Rule 33(a), which allows a court to vacate a judgment and grant a new trial if the interest of justice so requires. Such a motion based on grounds other than newly discovered evidence must be filed within fourteen days of the verdict or finding of guilty. Fed. R. Crim.

P. 33(b)(2). Here, current counsel essentially faults former counsel for not raising the issue she "discovered" after her appointment. (Doc. No. 92: Motion at 4). The Fourth Circuit has definitively stated that a motion for new trial based on ineffective assistance of counsel must be brought within the time limits in Rule 33. United States v. Smith, 62 F.3d 641, 648, 650-51 (4th Cir. 1995). The appellate court continues to apply Smith to affirm the denial of untimely Rule 33 motions. See e.g. United States v. Burgess, 788 F. App'x 185, 186 (4th Cir. 2019) ("The motion, therefore, was untimely, and we affirm the district court's denial on the ground that it lacked jurisdiction to hear the motion."); United States v. Gooding, 594 F. App'x 123, 127 n. 4 (4th Cir. 2014) (motion for new trial based on ineffective assistance "must be filed" within fourteen days of verdict); United States v. Barbee, 524 F. App'x 15, 17 (4th Cir. 2013) ("[T]he time limits set forth in Rule 33 are jurisdictional.").

Here, the defendant admits his motion for new trial under Rule 33 is untimely. (Doc. No. 92: Motion at 6). Because the government objects on that basis, (Doc. No. 95: Response at 6-7), the Court must dismiss the motion as time-barred. Eberhart v. United States, 546 U.S. 12, 17-18 (2005) (finding government waived timeliness objection to Rule 33 motion by not raising it, but holding that "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked"); see also United States v. Hyman, 884 F.3d 496, 499 (4th Cir. 2017) (under Eberhart, when the government objects to untimely filing, the court's duty to dismiss is mandatory).

3

Even if the Court were to consider the extending the time under Rule 45(b)(1)(B), it would find that the defendant has not established excusable neglect in this case. Current counsel was appointed on September 24, 2019; however, the instant motion was not filed until February 16, 2020. There are no facts alleged to justify the sixteen month delay in challenging the sufficiency of an indictment returned in 2018. Accord United States v. Jones, 2015 WL 2094120, *2 (D. Md. May 5, 2015) (finding no excusable neglect where motion was filed thirteen months after verdict and eight months after appointment of new counsel), aff'd 658 F.3d 188, 191 (4th Cir. 2016). Although the defendant has not met the requirements to seek a new trial under Rule 33, he will have the opportunity to present his claim of ineffective assistance on direct appeal and, if necessary, on collateral attack under 28 U.S.C. § 2255. Smith, 62 F.3d at 651.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Set Aside, (Doc. No. 92), is **DISMISSED**.

Signed: March 26, 2020

Robert J. Conrad, Jr.
United States District Judge

4