| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OF |
| | ) | DECISION AND ORDER |
| XAVER MONTEZ BOSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se "Petition for Post Conviction Relief" [Doc. 154], that is construed as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. [See Doc. 155].

## I.      BACKGROUND

A jury convicted the Defendant of seven counts related to sex trafficking. See 18 U.S.C. §§ 1591(a)(1), (b); 1952(a)(3)(A), (B); 2422(a). The Court entered a Judgment sentencing the Defendant to 40 years' imprisonment followed by 30 years of supervised release.[1] [Doc. 118]. The Fourth Circuit Court of Appeals affirmed on direct appeal, and remanded for the correction of a clerical error in the Judgment. United States v. Boston, 2023 WL 5032778 (4th Cir. Aug. 8, 2023). An Amended Judgment was entered on remand. [Doc. 132].

In 2024, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel and lack of jurisdiction. [See Docs. 136, 139]. The Court dismissed and denied relief on the merits on September 18, 2025. [Doc. 146].

---

[1] The case was assigned to the Honorable Robert J. Conrad at that time.

On December 1, 2025,[2] Defendant filed a Motion in the Fourth Circuit, seeking authorization to file a second or successive § 2255 petition, Fourth Cir. Case No. 26-113. The Fourth Circuit denied authorization on January 30, 2026.

On June 26, 2026,[3] the Defendant filed the instant "Petition for Post Conviction Relief" which, the Defendant argues, "is not extended to substitute Direct Appeal, Section 2255, Section 3582, or any other form of appeal." [Doc. 146]. He raises the following claims of "constitutional violations and judicial errors" that are supported by "new, avoided evidence…": (1) there was insufficient evidence of the age of one of the victims such that the offense should have been remanded to state court; (2) defense counsel provided ineffective assistance with regards to discovery and communication, confronting witnesses, preventing Defendant from participating in his defense, failing to adequately interview potential jurors, failing to prepare an adequate defense strategy, failing to move for mistrial; (3) the Indictment is fatally defective; (4) reasonable doubt exists regarding Defendant's guilt, which undermines the Court's jurisdiction and the validity of his conviction and sentence. [Id.]. The Defendant contends that his Petition is timely based on newly discovered evidence. [Id. at 12]. He also argues that his sentence would be lower if it were imposed today, based on the First Step Act. [Id. at 19-21]. He seeks the vacatur of his conviction and sentence, and an evidentiary hearing. [Id. at 3, 10, 15].

II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

[2] See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

[3] See note 2, *supra*; Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Defendant filed a "Petition for Post Conviction Relief" in which he directly challenges the validity of his conviction and sentence. Although Defendant appears to contend that the instant Petition is not a § 2255 Motion to Vacate [Doc. 154 at 2], the nature of the filing rather than its title is controlling.[4] See United States v. Burgess, 851 F. App'x 412, 413 (4th Cir. 2021) (holding that a motion filed by a federal inmate "should have been construed as a successive § 2255 motion" since it "challenged the validity of his convictions") (citing Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005); United States v. McRae, 793 F.3d 392, 397–99 (4th Cir. 2015)); see also Castro v. United States, 540 U.S. 375 (2003).

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven

---

[4] The Defendant has already filed a § 2255 Motion to Vacate that was resolved on the merits, so no Castro warnings are required at this time. See generally Castro, 540 U.S. 375 at 382 (noting that a litigant faces procedural hurdles if a filing is recharacterized as a *first* motion to vacate); see, e.g., Stapleton v. United States, 392 F. Supp. 2d 754, 756 (W.D. Va. 2005).

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Here, the Defendant has already filed a § 2255 Motion to Vacate which the Court denied on the merits. [See Doc. 146]. The Defendant sought, and was denied, authorization to file a second § 2255 petition by the Fourth Circuit. Accordingly, the instant Motion to Vacate is an unauthorized successive § 2255 petition, and it will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Petition is an unauthorized successive § 2255 Motion to Vacate that is dismissed for lack of jurisdiction.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's "Petition for Post Conviction Relief" [Doc. 154], is construed as an unauthorized successive Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 that is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states

a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: August 10, 2026

Susan C. Rodriguez
United States District Judge